## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

PERCY RYSHAWN WOODY,

      Plaintiff,

v.                                  Case No. 2:18-cv-01362

WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION, *et al.*,

      Defendants.

### PROPOSED FINDINGS AND RECOMMENDATION

      This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### I.   *PLAINTIFF'S ALLEGATIONS*

      This matter is proceeding on Plaintiff's amended complaint, filed on May 6, 2021, challenging various condition of his confinement at the South Central Regional Jail between March and August of 2018.  (ECF No. 64).  Plaintiff's claims include alleged sexual harassment by a correctional officer, failure to protect Plaintiff from harm by other inmates, the use of excessive force by correctional officers, and deliberate indifference to Plaintiff's medical needs by two nurses.

      Specifically, Plaintiff alleges that, sometime between 5:00 and 6:30 am. on March 20, 2018, while he was housed in Pod C3, Cell 12, Officer Christopher Martin ("Martin") grinded his body against Petitioner's body and laughed.  He further claims that 30

minutes later, Martin came back to his pod and made a humping motion in the air.  (ECF No. 64 at 4).

Plaintiff further claims that, on April 24, 2018, between 9:00 and 11:00 a.m., while being house in Pod A4 (which is alleged to be a protective custody unit), Plaintiff was placed in a restraint chair with a mask over his head and was punched in the mouth by Officer Cook, causing a swollen jaw.  Plaintiff further claims that, at 5:30 p.m. that same day, he was "mased" [sic] (hereinafter "pepper sprayed") while in handcuffs and beaten by Officers Vandale and Vense.  He further claims that a mask was placed over his head, and he could not breathe.  Plaintiff alleges that he suffers from asthma and asked for a breathing treatment, but it was refused by Nurse Maleigha.  (*Id*. at 4-5).

The amended complaint further alleges that, on June 27, 2018, while still housed in protective custody on Pod A4, Plaintiff complained about inmates throwing urine and feces on him.  Plaintiff also claims that he was physically taken down, pepper sprayed, and kneed in the head 7-8 times by Officer Toney.  He further claims that he was put in a "restraint boat" with two masks over his head and, again, had trouble breathing.  When he requested a breathing treatment, it was denied by Nurse Molly Norvell ("Norvell").  (*Id*. at 6).

Plaintiff further claims that, on June 29, 2018, Officers Vandale and Estep permitted other inmates to enter Plaintiff's protective custody cell to steal his personal property, including a pair of Ray-Ban sunglasses.  (*Id*.)  He further alleges that, on August 26, 2018, between 4:30 and 5:30 a.m., he found more feces in his cell.  He contends the same thing happened again between 8:00 and 9:00 p.m. while he was sleeping.  (*Id*. at 7).

Plaintiff contends that the inmate(s) who engaged in this conduct were trying to give Plaintiff Hepatitis C.  Plaintiff claims that he reported this conduct to Officer Vense,

but nothing was done.  (*Id.* at 7).  Finally, Plaintiff alleges that, on August 27, 2018, between 2:30 and 3:30 p.m., he turned in a sworn statement to Trey White ("White") and Ronnie Thompson ("Thompson") seeking to press charges against the inmates who had engaged in this conduct, but nothing was done about it, and he was not permitted to pursue such charges.  (*Id.*)  Plaintiff further claims that each of these incidents occurred on a protective custody unit where officers were always present.  (*Id.*)

Plaintiff alleges that the defendant correctional officers used excessive force against him and exposed him to unsanitary conditions in violation of his Eighth Amendment rights.  (*Id.*)  He further contends that the conduct of the nursing staff constituted deliberate indifference to a serious medical need, in violation of his Eighth Amendment rights, or negligence.  (*Id.*)

## II.    STANDARD OF REVIEW

Where, as here, a prisoner is proceeding *in forma pauperis*, this court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. §§ 1915(e) and 1915A.  The court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)).  That section also provides for dismissal where the complaint seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).  A similar screening provision governs all prisoner complaints filed against government entities.  28 U.S.C. § 1915A.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to liberally construe such complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, this liberal construction requirement does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal, supra*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [the Court] to draw on its judicial experience and common sense." *Id.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods*

4

*v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant law]" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585). These same standards apply on initial screening.

"[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted). Moreover, a complaint must state more than "labels and conclusions" and a claim should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, it does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.

## III.   ANALYSIS

### A.   *Claims that fail to state a claim upon which relief can be granted*

Although Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" the pleading must "give[] fair notice and state[] the elements of the claim plainly and succinctly." 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.13 at 8-111 (2d Ed. 1983). Thus, "[c]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim . . . ." *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). A plaintiff must "allege with at least some degree of particularity overt acts which

defendants engaged in" that support each of his claims. *Id., quoting Powell v. Workmen's Comp. Bd.*, 327 F.2d 131, 137 (2d Cir. 1964).

As noted above, "[t]he liberal construction requirement [afforded to *pro se* litigants] will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law." *Adams-Bey v. Rogers*, No. 3:17-cv-210-FDW, 2018 WL 1413196, *3 (W.D.N.C. Mar. 21, 2018) (*citing Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990)). Thus, a *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Quite simply, "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225 (2004). As addressed below, Plaintiff's amended complaint fails to state plausible claims against a number of the defendants.

1.    WVDCR and RJA.

Among the defendants sued in this matter are the West Virginia Division of Corrections and Rehabilitation ("WVDCR"), and the Regional Jail Authority ("RJA") (which has been merged into the WVDCR). These are state entities that are not considered to be "persons" under section 1983 and are immune from suit under the Eleventh Amendment.

Section 1983 of Title 42 of the United States Code provides in pertinent part:

Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof

6

> to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law,
> suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983.  While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a <u>person</u> acting under color of state law."  *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that a State, including its agencies, and its officials acting in their official capacities, are not "persons" under § 1983.  Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state.  *Hans v. Louisiana*, 134 U.S. 1, 9 (1980).  Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury.  *Quern v. Jordan*, 440 U.S. 332, 337 (1979).  Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment.  *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the WVDCR and the RJA are not persons who can be sued under 42 U.S.C. § 1983 and are further immune from suit in

federal court under the Eleventh Amendment.

        2.      Jaburs Terry.[1]

Plaintiff has named Correctional Officer Jaburs Terry ("Terry") in the style of the amended complaint, but the body thereof contains no allegations whatsoever concerning conduct by Terry. Thus, the amended complaint fails to state a claim upon which relief can be granted against Terry. *See, e.g., Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

        3.      Christopher Martin.

The amended complaint further alleges that Martin sexually harassed Plaintiff on a single occasion. The Eighth Amendment of the United States Constitution prohibits the infliction of "cruel and unusual punishment." U.S. Const. amend. VIII. In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.* at 833.

"An inmate's Eighth Amendment claim involves a subjective component and an objective component." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008); *see also Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996) ("Determination of whether the Eighth Amendment has been violated requires analysis of subjective and objective

---

[1] The style of the case lists this defendant's names as "Terry Jaburs." However, the undersigned believes his proper name is Jaburs Terry."

components.") (citing *Wilson v. Seiter*, 501 U.S. 294, 302 (1991))).  "Specifically, Eighth Amendment analysis necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Williams*, 77 F.3d at 761.

Sexual abuse of a prisoner by a correctional officer can give rise to an Eighth Amendment claim.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.") (internal citation omitted).  However, not every allegation of sexual abuse is objectively, sufficiently serious for the purpose of an Eighth Amendment claim. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010) ("[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action.")

The Supreme Court has not defined what constitutes "objectively, sufficiently serious" conduct.  Nonetheless, numerous courts have found that isolated instances of inappropriate conduct by prison officials do not violate an inmate's constitutional rights. *See e.g., Watson v. Beard*, No. 09-87J, 2013 WL 4648323, at *10-11 (W.D. Pa. Aug. 28, 2013), *aff'd sub nom. Watson v. Fisher*, 558 F. App'x 141 (3d Cir. 2014) (isolated instance of physical contact with genitalia causing no more than *de minimis* physical injury did not constitute "sexual act" that is actionable under the PLRA); *Hughes v. Smith*, 237 F. App'x 756, 759 (3d Cir. 2007) (holding that inmate had not alleged an Eighth Amendment violation where correctional officer allegedly touched the inmate's testicles through his clothing during a single pat-down frisk); *Washington v. Harris*, 186 F. App'x 865, 866 (11th Cir. 2006) (holding that inmate failed to state Eighth Amendment claim where a prison guard "crept up behind [the prisoner inmate] while he was working," grabbed his

genitals, kissed him on the mouth, and threatened to perform oral sex on him); *Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005) (holding that the plaintiff's allegations that a guard grabbed and rubbed his buttocks in a degrading manner during a shakedown in the food area was insufficient to establish an Eighth Amendment violation); *Bodie v. Schnieder*, 105 F.3d 857 (3rd Cir. 1997) ("A small number of incidents in which [Plaintiff] was verbally harassed, touched, and pressed against without his consent" were not enough to be "objectively, sufficiently serious . . . ."); *Neff v. Green*, No. 15-cv-502, 2015 WL 4724942, at *3 (D. Md. Aug. 7, 2015) (granting summary judgment on Eighth Amendment claim grounded in isolated incident of touching of inmate's genitals); *Pantusco v. Sorrell*, No. 09-cv-3518, 2011 WL 2148392, at *7-8 (D.N.J. May 31, 2011) (holding that the plaintiff's Eighth Amendment claim failed because a single instance of groping during a routine pat-down frisk did not amount to cruel and unusual punishment); *Escobar v. Reid*, 668 F. Supp.2d 1260, 1278, 1295-96 (D. Colo. 2009) (holding that a guard's alleged suggestive, sexual touching of an inmate did not state a constitutional violation); W*illiams v. Anderson*, No. Civ. A. 03-3254, 2004 WL 2282927, at *4 (D. Kan. Sept. 7, 2004) (finding no Eighth Amendment violation where a prison guard grabbed a pre-trial detainee's buttocks, exposed his genitals to the inmate plaintiff, and made crude sexual remarks).

Rather, only severe, pervasive, and repetitive sexual abuse has been found to rise to the level of an Eighth Amendment violation. *See, e.g., Schwenk v. Hartford*, 204 F.3d 1187 (9th Cir. 1999) (repeated requests for oral sex and attempted rape of inmate by prison guard may establish Eighth Amendment claim); *United States v. Walsh*, 194 F.3d 37 (2d Cir. 1999) (corrections officer who repeatedly steps on inmate's penis to wantonly inflict pain violates inmate's right to be free of cruel and unusual punishment); *Berry v.*

*Oswalt*, 143 F.3d 1127 (8th Cir. 1998) (rape and harassment of inmate, including propositions, sexual comments, and attempts to perform nonroutine pat-down violated inmate's Eighth Amendment right to be free from cruel and unusual punishment).

Here, Plaintiff has not alleged facts that would suggest Martin's actions were anything more than an isolated incident.  Even taken as true, the allegation that Martin was "grinding" on Plaintiff or "humping the air" and laughing on one occasion fails to demonstrate that such conduct was severe or pervasive enough to establish an Eighth Amendment violation.  *See also Watson v. Wingard*, No. 3:16-cv-00055, 2018 WL 2108316, at *4–5 (W.D. Pa. Jan. 31, 2018), r*eport and recommendation adopted*, No. CV 16-55J, 2018 WL 2107773 (W.D. Pa. May 7, 2018), *aff'd*, 782 F. App'x 214 (3d Cir. 2019).

Moreover, to the extent Plaintiff's allegations are construed to allege violations of the Prison Rape Elimination Act, 42 U.S.C. §§ 15601–15609 ("PREA"), "[n]othing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act."  *De'lonta v. Clarke*, No. 7:11-cv-00483, 2012 WL 4458648, at *3 (W.D. Va. Sept. 11, 2012) (collecting cases), aff'd, 548 F. App'x 938 (4th Cir. 2013) (per curiam); *see also Edwards v. Peirce*, No. 5:13-CT-3184-FL, 2014 WL 4384039, at *7 (E.D.N.C. Sept. 3, 2014).  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's amended complaint fails to state any plausible claim for relief against Martin under PREA, as well as the Eighth Amendment.

### 4.    Officers Vense, Trey White and Ronnie Thompson.

The amended complaint further alleges that Plaintiff reported to Officer Vense that unidentified inmates were allegedly throwing bodily fluids into his cell.  He later provided a sworn statement to Officers White and Thompson seeking to pursue charges against

those inmates.  However, the amended complaint alleges nothing other than the fact that no charges were pursued.  Plaintiff fails to identify the specific role that these defendants allegedly played or what constitutional rights of his they allegedly violated.

A broad construction of these allegations suggests that Plaintiff is alleging that these defendants failed to properly investigate his grievance about the conduct of the other prisoners.  However, there is no federal due process right to a thorough investigation or a right to "pursue charges" against other inmates, or even a right to engage in a grievance process.  *See, e.g., Tafari v. McCarthy*, 714 F. Supp. 2d 317, 344 (N.D.N.Y. 2010) (citing *Torres v. Mazzuca,* 246 F.Supp.2d 334, 341–42 (S.D.N.Y.2003) (prisoners do not have a due process right to a thorough investigation of grievances). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's amended complaint fails to state a plausible claim for relief against Vense, White or Thompson on this basis.

5.      Officers Vandale and Estep – loss of personal property.

Plaintiff's amended complaint further alleges that defendants Vandale and Estep allowed the loss of Plaintiff's personal property at the hands of other inmates.  However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) (emphasis omitted).

In addition to the internal administrative grievance procedures, which Plaintiff was required to exhaust before filing this lawsuit, West Virginia law authorizes civil tort causes of action to recover for personal property wrongfully withheld by another individual.  *See Goodman v. Ramey*, No. 2:12-cv-0439, 2012 WL 5966642, at *4 (S.D.W.

Va. Nov. 29, 2012) (holding that an inmate failed to state a constitutional claim for the loss of his property when he could have challenged the taking "in a garden-variety tort claim in state court."); *see also Kidd v. Bradley*, 578 F. Supp. 275, 276-77 (N.D.W. Va. 1984).  State law also permits monetary recovery for lost or damaged personal property by filing a claim against state agencies with the Legislative Claims Commission.  *See* W. Va. Code §§ 14-2-1 *et seq*.  Plaintiff has not demonstrated that he attempted to take advantage of any of these processes under state law and therefore he has not established that there is an absence of state processes under which he could attempt to recover for the loss of his property.  Consequently, the undersigned proposes that the presiding District Judge **FIND** that the amended complaint fails to state a plausible claim for relief against Vandale and Estep on this basis.

### B.   *Claims that warrant further development.*

On the other hand, Plaintiff's claims that Officers Cook, Vandale, Vense, and Toney used excessive force against him and his claims that Nuses Maleigha and Norvell were deliberately indifferent or negligent concerning his medical needs may be sufficient to state claims upon which relief can be granted and warrant further development.  Thus, by separate order, the undersigned will order that service of process be attempted on each of those defendants and will address a future schedule for additional proceedings concerning those claims.

### IV.   RECOMMENDATIONS

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the claims against the WVDCR, the RJA, Officer Jaburs Terry, Officer Christopher Martin, Officer Estep, and Officer Vandale (only with respect to the claim concerning the loss of Plaintiff's property), and leave this matter

13

referred to the undersigned for additional proceedings concerning the remaining claims against Officers Cook, Vandale and Vense (with respect to the April 24, 2018 use of force), Toney, and Nurses Maleigha and Norvell.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

July 12, 2022

Dwane L. Tinsley
United States Magistrate Judge