# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

PERCY RYSHAWN WOODY,

        Plaintiff,

v.                                                         CIVIL ACTION NO.  2:18-cv-01362

SOUTH CENTRAL REGIONAL JAIL AUTHORITY, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Percy Ryshawn Woody's Amended Complaint. (ECF No. 64.)  By Standing Order entered on January 4, 2016, and in this case on October 18, 2018, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").  (ECF No. 3.)  Magistrate Judge Tinsley filed his PF&R on July 12, 2022, recommending that this Court dismiss Plaintiff's claims against Defendants West Virginia Division of Corrections and Rehabilitation ("WVDCR"), Regional Jail Authority ("RJA"), Officer Jaburs Terry, Officer Christopher Martin, Officer Estep, and Officer Vandale—only with regard to Plaintiff's claim against Officer Vandale concerning the loss of Plaintiff's property—and leave this matter referred to Magistrate Judge Tinsley for additional proceedings.

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file

timely objections constitutes a waiver of *de novo* review.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Objections to the PF&R were due on July 29, 2022.  (ECF No. 65.)  Plaintiff did not file any objections to the PF&R, thereby waiving *de novo* review of Magistrate Judge Tinsley's PF&R.

On August 18, 2022, the Court adopted Magistrate Judge Tinsley's PF&R.  (ECF No. 81.)  In the order the Court dismissed "Plaintiff's claims against the WVDCR, the RJA, Officer Jaburs Terry, Officer Christopher Martin, Officer Estep, and Officer Vandale—only with respect to Plaintiff's claim against Officer Vandale concerning the loss of Plaintiff's property."  (*Id.* at 2).

However, the PF&R also found that Plaintiff's due process claims against Officers Vense, White, and Thompson "fail[ed] to state a plausible claim for relief."  (ECF No. 65 at 11-12.)  The PF&R did not formally recommend dismissing the claims though. Thus, they were not officially dismissed by the Court's August 18, 2022, order.

Therefore, the Court now **ADOPTS** the PF&R's findings and **ORDERS** that the due process claims against Defendants Vense, White, and Thompson are **DISMISSED**.  The Court **RE-REFERS** this matter to Magistrate Judge Tinsley for further pretrial management and submission of PF&Rs.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 3, 2022

_____
THOMAS E. JOHNSTON, CHIEF JUDGE