# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

PERCY RYSHAWN WOODY,

    Plaintiff,

v.   Case No. 2:18-cv-01362

NURSE MOLLY NORVELL and
NURSE MALEIGHA,[1]

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Plaintiff's Motions for Default Judgment (ECF Nos. 99 and 101).

The only remaining claims in this civil action are the claims in the amended complaint against Nurse Molly Norvell and Nurse Maleigha, who have not been served with process.[2] On July 12, 2022, the undersigned issued an Order and Notice directing that summonses be issued for Nurse Molly Norvell ("Norvell") and Nurse Maleigha ("Maleigha") (whose last name is apparently unknown to Plaintiff) and directed that service of such summonses be attempted on those defendants by the United States

---

[1] The Clerk is directed to modify the short style of the case on the docket sheet to reflect that Nurse Molly Norvell is now the lead defendant, as Officer Vandale has been dismissed.

[2] All claims against the other named defendants were dismissed by the presiding District Judge by orders entered on August 18, 2022 (ECF No. 81), November 3, 2022 (ECF No. 88), and January 18, 2023 (ECF No. 96).

Marshals Service ("USMS"). (ECF No. 66 at 1-2). Because Plaintiff had provided no other addresses for those defendants, personal service of those summonses was to be attempted at the South Central Regional Jail, their last known place of employment. (*Id.*) However, on July 21, 2022, the summonses for Norvell and Maleigha were returned as unexecuted with a notation that they are "no longer employed" there. (ECF Nos. 69 and 72).[3]

The undersigned's Order and Notice further directed that the 90-day period under Rule 4(m) of the Federal Rules of Civil Procedure would run from July 12, 2022. (*Id.* at 1). Although, in this case, the court is charged with assisting the *pro se* pauper plaintiff with service of process under 28 U.S.C. § 1915(d), the court is not required to be an advocate for him. To date, Plaintiff has not provided any other alternative address where service may be attempted on Norvell or Maleigha and they have not been served with process. Accordingly, they presently have no obligation to respond to Plaintiff's Amended Complaint.

Nonetheless, Plaintiff filed the instant Motions for Default Judgment (ECF No. 99 and 101) seeking a default judgment against Norvell and Maleigha ("Defendants") for failing to respond to his complaint. Rule 55(a) requires that default be entered by the Clerk when "a party against whom a judgment for affirmative relief is sought" has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th

---

[3] Because their former employer is not a defendant herein, the court cannot order that their last known addresses be provided.

Cir. 1982); *see also* Fed. R. Civ. P. 55(b). However, because Defendants have not been properly served with process, default has not been entered and there is no basis for entry of default or a default judgment.[4]

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Motions for Default Judgment (ECF Nos. 99 and 101) and leave this matter referred to the undersigned for additional proceedings.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v.*

---

[4] By separate Order and Notice, the undersigned has provided Plaintiff with 20 days to provide alternative service addresses for Defendants or else the undersigned will recommend dismissal of this civil action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

*Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff.

May 3, 2023

Dwane L. Tinsley
United States Magistrate Judge

4