IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PERCY RYSHAWN WOODY,

        Plaintiff,

v.                                     CIVIL ACTION NO.  2:18-cv-01362

NURSE MOLLY NORVELL and
NURSE MALEIGHA,

        Defendants.

**ORDER**

Pending before the Court are Plaintiff's Motions for Default Judgment. (ECF Nos. 99 and 101.) By standing order entered in this case on October 18, 2018, (ECF No. 3), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations for disposition ("PF&R"). On May 3, 2023, Magistrate Judge Tinsley filed a PF&R recommending that this Court deny Plaintiff's pending motions. (ECF No. 102.) No objections were filed to the PF&R.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusion of the magistrate judge as to those portions of the PF&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal the Court's order. 28 U.S.C. § 636(b)(1), *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989), *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, the Court need not conduct a *de*

*novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R on the pending motions were due on May 22, 2023. (ECF No. 102.) To date, no party has submitted any objections in response to the PF&R, thus constituting a waiver of *de novo* review and the right to appeal the Court's order. The Court notes that Plaintiff has also seemingly failed to maintain his current address with the clerk as the PF&R, which was sent to Plaintiff at his address on record, was initially returned as undeliverable. (*See* ECF No. 104.) Per Rule 83.5 of the Local Rules of Civil Procedure, Plaintiff—as a *pro se* party—"must advise the clerk promptly of any changes in name, address, or telephone number." The fact that the PF&R mailed to Plaintiff was returned as undeliverable due to Plaintiff's failure to maintain his current address with the clerk does not impact the Court's review and analysis of the PF&R and does not provide Plaintiff with an avenue to object to the PF&R after the May 22, 2023 deadline.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 102), and **DENIES** Plaintiff's Motions for Default Judgment, (ECF Nos. 99 and 101). The case remains referred to Magistrate Judge Tinsley for additional proceedings.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   May 23, 2023

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE