# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

PERCY RYSHAWN WOODY,

    Plaintiff,

v.                                Case No. 2:18-cv-01362

NURSE MOLLY NORVELL and
NURSE MALEIGHA,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY

The only remaining claims in this civil action are the claims in the amended complaint against Nurse Molly Norvell and Nurse Maleigha, who have not been served with process.[1] On July 12, 2022, the undersigned issued an Order and Notice directing that summonses be issued for Nurse Molly Norvell ("Norvell") and Nurse Maleigha ("Maleigha") (whose last name is apparently unknown to Plaintiff) and directed that service of such summonses be attempted on those defendants by the United States Marshals Service ("USMS"). (ECF No. 66 at 1-2). Because Plaintiff had provided no other

---

[1] All claims against the other named defendants were dismissed by the presiding District Judge by orders entered on August 18, 2022 (ECF No. 81), November 3, 2022 (ECF No. 88), and January 18, 2023 (ECF No. 96).

address for those defendants, personal service of the summonses was attempted at the South Central Regional Jail, their last known place of employment. (*Id.*) However, on July 21, 2022, the summonses for Norvell and Maleigha were returned as unexecuted with a notation that they are "no longer employed" there. (ECF Nos. 69 and 72).[2] The undersigned's Order and Notice further directed that the 90-day period under Rule 4(m) of the Federal Rules of Civil Procedure would run from July 12, 2022. (*Id.* at 1)

The Court is unable to move this case forward without service of process on the two remaining defendants. Consequently, on May 3, 2023, the undersigned issued an Order and Notice directing Plaintiff to provide alternative addresses for these two defendants, as is his obligation, within 20 days.[3] As of today, Plaintiff has provided no alternative addresses at which to attempt service of process on these defendants.

## ANALYSIS

Although the Court is charged with assisting the *pro se* pauper Plaintiff with service of process under 28 U.S.C. § 1915(d), it is not required to be an advocate for him. Prior attempts of service of process on the defendants were unsuccessful and Plaintiff has not provided any other alternative address where service may be attempted on them as ordered by the Court. The Court has no responsibility to continue to search for the location of these defendants in order to try to perfect service of process for the *pro se* pauper plaintiff. As noted by another Honorable Judge of this court:

---

[2] Because their former employer is not a defendant herein, the court cannot order that their last known addresses be provided.
[3] On May 16, 2023, the undersigned's Order and Notice was returned as undeliverable with a notation that Plaintiff was no longer incarcerated at Stevens Correctional Center. The Clerk determined that Plaintiff had been transferred to the Huttonsville Correctional Center and remailed the Order and Notice there. The undersigned waited another 30 days before submitting this Proposed Findings and Recommendation to ensure that Plaintiff had sufficient time to comply with the Order and Notice.

> At a minimum, such plaintiffs bear the reasonable burden of identifying some address where service can be properly made. Only upon provision of such information – which is absent here – can the courts execute service.

*Skaggs v. Clark*, No. 3:13-cv-03293, 2015 WL 269154, *3 (S.D. W. Va., Jan. 21, 2015) (Chambers, J.); *see also Lacy v. DeLong*, No. 2:13-cv-14813, 2017 WL 6508364 *2 (Dec. 20, 2017) ("The Court is not required to continue its efforts at the behest of Plaintiff who is unable to provide the Court with any information allowing for service to be had upon [the defendant]").

Rule 4(m) of the Federal Rules of Civil Procedure states as follows:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own initiative after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Because more than 90 days has passed without appropriate service on Nurse Molly Norvell and Nurse Maleigha, notwithstanding attempted service on them by officers of the court at their last known address and no alternative address having been provided by Plaintiff as ordered, the undersigned proposes that the presiding District Judge **FIND** that these defendants have not been properly served with process and Plaintiff has not provided good cause for such failure. Thus, the claims against these defendants, which are the only remaining claims in this civil action, are subject to dismissal under Rule 4(m).

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the claims against Nurse Molly Norvell and Nurse

Maleigha and, thus, the remainder of this civil action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston and the opposing parties.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff and to counsel of record.

June 15, 2023

Dwane L. Tinsley
United States Magistrate Judge

4