IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PERCY RYSHAWN WOODY,

          Plaintiff,

v.                                      CIVIL ACTION NO.  2:18-cv-01362

NURSE MOLLY NORVELL and
NURSE MALEIGHA,

          Defendants.

**ORDER**

Pending before the Court are Plaintiff's claims against Nurses Molly Norvell and Maleigha. (ECF No. 64.)  By standing order entered in this case on October 18, 2018, (ECF No. 3), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations for disposition ("PF&R").  On June 15, 2023, Magistrate Judge Tinsley filed a PF&R recommending that this Court deny Plaintiff's pending motions. (ECF No. 107.)  No objections were filed to the PF&R.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusion of the magistrate judge as to those portions of the PF&R to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal the Court's order.  28 U.S.C. § 636(b)(1), *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989), *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, the Court need not conduct a *de*

*novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R on the pending motions were due on July 3, 2023. (ECF No. 107.) To date, no party has submitted any objections in response to the PF&R, thus constituting a waiver of *de novo* review and the right to appeal the Court's order.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 107), and **DISMISSES** Plaintiff's claims against Nurses Molly Norvell and Maleigha, (ECF No. 64). These claims were the last remaining in the case. As such, the Court **DISMISSES** the case as well and **DIRECTS** the Clerk to remove the case from the active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 12, 2023

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE